# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GLENN DARNELL DEAN,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:12-cv-00323-JCM-GWF

**ORDER**

    Before the court are the first amended petition for writ of habeas corpus (#12), respondents' motion to dismiss (#26), petitioner's opposition (#30), and respondents' reply (#32). The court finds that petitioner has not exhausted the available state-court remedies for all of his grounds for relief, and the court grants the motion.

    After a jury trial, petitioner was convicted in state court of conspiracy to commit kidnaping, first-degree kidnaping, and robbery with the use of a deadly weapon. Ex. 12 (#13). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 23 (#14).

    Petitioner then filed in state district court his first post-conviction habeas corpus petition. Ex. 27 (#14). Later, he filed three documents titled "First Amendment Petition." Ex. 28 (#14), Ex. 29 (#14), Ex. 31 (#15). Then he filed a motion for leave to supplement the petition. Ex. 50 (#15). The state district court held an evidentiary hearing; it denied the petition at the end of the hearing. Ex. 59 (#15). The written findings of fact, conclusions of law, and order then followed. Ex. 67 (#15). Petitioner appealed. The Nevada Supreme Court affirmed without briefing but after obtaining the trial court record and the transcript of the evidentiary hearing. Ex. 70 (#15).

Petitioner litigated pro se during these proceedings. There were other proceedings in state court subsequent to the first state habeas corpus petition, but they are not relevant to the motion to dismiss.

Petitioner then commenced this action. The court appointed counsel, who filed the first amended petition (#12). The motion to dismiss (#26) followed.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

Ground 1 is a claim that the evidence presented at trial was insufficient to support the guilty verdicts on all charges. Petitioner raised a similar claim on direct appeal, but he limited the claim only to the charge of first-degree kidnaping. See Ex. 19 (#14). The Nevada Supreme Court's decision is limited only to the charge of first-degree kidnaping. See Ex. 23 (#14). The additional challenges to the sufficiency of the evidence for the charges of conspiracy to commit kidnaping and robbery with the use of a deadly weapon fundamentally alter the claim that petitioner presented to the Nevada Supreme Court. See Vasquez v. Hillery, 474 U.S. 254, 260 (1986). Ground 1 is unexhausted to the extent that it challenges the sufficiency of the evidence to support the verdicts on conspiracy to commit kidnaping and robbery with the use of a deadly weapon.

Ground 2(A) is a claim that trial counsel provided ineffective assistance by failing to investigate and obtain petitioner's medical records, which would have shown that he was suffering from a separated shoulder at the time of the events in the case. Petitioner did not present this claim in his state habeas corpus petition. Petitioner's statement of exhaustion directs the court to paragraph or part B of his first state habeas corpus petition, but that is a claim that counsel failed to investigate and to file a motion pursuant to Brady v. Maryland, 373 U.S. 83 (1963), to obtain clothing worn by the victim and photographs of the victim's injuries. Ex. 27, at 3-4 (#14). The change in facts from state petition to federal petition fundamentally alters the claim. See Hillery,

474 U.S. at 260.  Petitioner's other purported claims of exhaustion have nothing to do with the medical records or counsel's investigation.

Ground 3 is a claim that appellate counsel provided ineffective assistance because counsel did not raise on direct appeal a claim that the trial court erred in precluding the defense from questioning the complaining witness about impeachment material.  Petitioner did not present this claim in his state habeas corpus petition.  Petitioner's statement of exhaustion directs the court to paragraph or part G of his first state habeas corpus petition, but that is a claim that appellate counsel should have raised the issue of incorrect calculation of pre-sentence confinement credits.  Ex. 27, at 15-19 (#24).  The change in facts from state petition to federal petition fundamentally alters the claim.  See Hillery, 474 U.S. at 260.

Petitioner also argues that he presented these claims through testimony and argument in his state-court evidentiary hearing, the transcript of which was in the Nevada Supreme Court's possession.  See Ex. 59, at 56-64 (ground 2(A)), 107-14 (ground 3) (#15).  Petitioner also notes that the state district court ruled on these claims in its final written order.  See Ex. 67, at 3 (paragraphs 11 and 17).  Those paragraphs are ambiguous, particularly if they are read without any knowledge of what occurred during the evidentiary hearing.  The court agrees with respondents that these arguments are foreclosed by Baldwin v. Reese, 541 U.S. 27, 30-32 (2004), which held that a person does not fairly present a claim to a state court if that court must read beyond the petition or brief that does not alert the state court to the claim.  The Nevada Supreme Court could have read the state district court's decision, and the Nevada Supreme Court could have read the transcript, and the Nevada Supreme Court could have recognized that petitioner was presenting new claims in the evidentiary hearing, but Reese held that exhaustion requires petitioner to put the claims squarely in front of the Nevada Supreme Court and not to rely on what the Nevada Supreme Court could have done.

The court is not persuaded by petitioner's argument that Reese is inapplicable in this case because there was no briefing in the Nevada Supreme Court.  The lack of appellate briefing does not mean that petitioner was unable to present his claims to the Nevada Supreme Court; instead, the Nevada Supreme Court could use the first state habeas corpus petition as its operative document.

-3-

1 Furthermore, even if petitioner was allowed to file a brief in his habeas corpus appeal, he would
2 have run into another problem if he had raised the issues now contained in grounds 2(A) and 3 in
3 that brief.  The Nevada Supreme Court has held that it need not consider grounds not raised in a
4 post-conviction habeas corpus petition.  Davis v. State, 817 P.2d 1169, 1173 (Nev. 1991), overruled
5 on other grounds by Means v. State, 103 P.3d 25, 33 (Nev. 2004).  "Submitting a new claim to the
6 state's highest court in a procedural context in which its merits will not be considered absent special
7 circumstances does not constitute fair presentation." Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir.
8 1994) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)).  If petitioner had been allowed to file a
9 brief in his habeas corpus appeal, and if petitioner did raise in those briefs the issues that he raises
10 now in grounds 2(A) and 3, then the Nevada Supreme Court's application of Davis would mean that
11 those grounds still would not be exhausted.[1]  Therefore, petitioner's inability to file an appellate
12 brief does not excuse the exhaustion requirement.

13       The first amended petition (#12) is mixed, containing both claims exhausted in state court
14 and claims not exhausted in state court, and it is subject to dismissal.  See Rose v. Lundy, 455 U.S.
15 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).

16       IT IS THEREFORE ORDERED that respondents' motion to dismiss (#26) is **GRANTED** in
17 part.  Grounds 2(A), 3, and part of 1 as described above are unexhausted.

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

---

[1] If the Nevada Supreme Court did consider those issues on their merits, then exhaustion would not be an issue.

-4-

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of grounds 2(A), 3, and the unexhausted part of ground 1, or for other appropriate relief. Within ten (10) days of filing such motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested.  Failure to comply with this order will result in the dismissal of this action.

DATED: March 18, 2014.

JAMES C. MAHAN
United States District Judge